# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RAIMUNDO ANTONIO HOGAN,

        Petitioner,

v.

        Case No.: 3:23-cv-717-TJC-LLL
        3:16-cr-139-TJC-LLL

UNITED STATES OF AMERICA,

        Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

In December 2016, a jury convicted Petitioner, Raimundo Antonio Hogan, of possession of a firearm by a convicted felon. See United States v. Hogan, No. 3:16-cr-139-TJC-LLL (Doc. 47). Petitioner is serving a 180-month term of incarceration under the Armed Career Criminal Act for that conviction. Id. (Doc. 71). This case is before the Court on Petitioner's second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. See Civ. Doc. 1.[1]

In the Petition, Petitioner raises one claim for relief based on allegations that he is "factually innocent" of the crime for which he was convicted. Civ. Doc. 1 at 4. According to Petitioner, in January 2016, officers investigated "Jermiah

---

[1] "Civ. Doc. ___" refers to docket entries in the current § 2255 case, No. 3:23-cv-717-TJC-LLL. Citations to all other case dockets will refer to the respective case number and the docket entry, see, e.g., No. _____ (Doc. ___).

1

Mose Johnson" for unlawfully possessing a .40 caliber handgun with serial number KTV892. Id. Petitioner argues that his 2016 conviction was based on his alleged possession of an identical firearm with the same serial number. Id. According to Petitioner, evidence that Johnson possessed the same firearm shows Petitioner is innocent as Petitioner and Johnson could not both have possessed the firearm. Id.

Petitioner previously moved under § 2255 to vacate his sentence. See Hogan v. United States, No. 3:19-cv-767-TJC-LLL (Doc. 1). In his first § 2255 motion, Petitioner argued that his trial counsel was ineffective for failing to investigate or inform him that a Bureau of Alcohol, Tobacco, Firearms, and Explosives report shows that the gun referenced in Petitioner's Indictment belonged to Johnson. Id. (Doc. 10). In October 2021, the Court found this claim lacked merit and denied Petitioner's first § 2255 motion. Id. (Doc. 46). Petitioner appealed, and in March 2022, the Eleventh Circuit Court of Appeals denied a certificate of appealability. Id. (Doc. 57). Petitioner then moved to reopen the case under Federal Rule of Civil Procedure 60(b). Id. (Doc. 58). The Court denied Petitioner's Rule 60(b) motion in December 2022. Id. (Doc. 66). Petitioner filed a notice of appeal seeking review of the Court's Order denying the Rule 60(b) motion, id. (Doc. 67); and that appeal is still pending with the Eleventh Circuit, see Hogan v. United States, No. 22-14308-A (11th Cir.).

Because Petitioner previously filed a § 2255 motion challenging the same judgment, and the Court adjudicated that § 2255 motion on the merits, Petitioner must obtain permission from the Eleventh Circuit before filing a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner has not obtained authorization to file the current Motion.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Because the Eleventh Circuit has not authorized Petitioner to file a second or successive motion to vacate, the Court lacks jurisdiction over the current Successive § 2255 Motion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) and this case are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The **Clerk** shall close the case.

3

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall send Petitioner an Application for Leave to File a Second or Successive Motion to Vacate. If he desires to file a second or successive motion in this Court, he must first complete the application and file it in the Eleventh Circuit Court of Appeals which will decide whether to allow it.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of June, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

---

[2] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

Jax-7

C: Raimundo Antonio Hogan, #67735-018